IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DOYLE MURPHY,　　　　　　　　　　　　　　　CV 02-1184-MA

　　　　　Petitioner,　　　　　　　　　　　　　　OPINION AND ORDER

　v.

ROBERT O. LAMPERT,

　　　　　Respondent.

　　BARBARA L. CREEL
　　Assistant Federal Public Defender
　　101 SW Main Street, Suite 1700
　　Portland, OR  97204

　　　　Attorney for Petitioner

　　HARDY MEYERS
　　Attorney General
　　YOULEE YIM YOU
　　Assistant Attorney General
　　Department of Justice
　　1162 Court Street NE
　　Salem, OR  97301-6313

　　　　Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, challenging 1991 and 1998 orders by the Oregon Board of Parole and Post Prison Supervision (Board) denying his release. This court previously dismissed petitioner's claims challenging the Board's 1991 Order (#42). Therefore, this opinion addresses only petitioner's claims pertaining to the Board's 1998 Order. For the reasons set forth below, petitioner's amended habeas corpus petition (#16) is denied.

## BACKGROUND

After pleading guilty to murder in 1976, petitioner was sentenced to life imprisonment. He was originally incarcerated under Oregon's discretionary parole system, wherein an inmate is given a parole hearing date, but no firm release date. In January, 1977, after petitioner's conviction, the Board adopted rules creating the parole matrix system. Inmates under the matrix system were given a firm release date. On May 16, 1986, petitioner elected to participate in the matrix system. The Board subsequently set a firm release date of October 24, 1993, which was later reduced for good behavior to June 24, 1991. Pet. Ex. E, G.

The Board has repeatedly deferred petitioner's parole. In the instant case, petitioner appeals the Board's May 5, 1998, decision to defer his parole for two more years. Resp. Ex. 204. The Board indicated that it based its decision on the psychological evaluations, interim treatment summaries, and other information, which resulted in a finding that petitioner suffered from a "present severe emotional disturbance such as to constitute a danger to the health and safety of the community." Id.

Petitioner sought administrative review of the Board's 1998 action, and it was denied on December 7, 1998. Resp. Ex. 206. Petitioner also sought, and was denied, state habeas corpus relief in 1998. Resp. Ex. 218. On March 27, 2002, the Oregon Court of Appeals affirmed the denial of habeas relief (Resp. Ex. 224), and on July 16, 2002, the Oregon Supreme Court denied review (Resp. Ex. 235).

On April 24, 2003, petitioner filed an amended habeas corpus petition in this court (#16), in which he claims the following grounds for relief:

> Ground One: The Oregon Board of Parole denied Mr. Murphy's Fourteenth Amendment right to Due Process when it violated the agreement it made with Mr. Murphy by withdrawing the firm release date and postponing his release date in 1991 and 1998.

  Ground Two: In 1991 and 1998, the Oregon Board of Parole and
the Oregon Department of Corrections denied Mr. Murphy's
right to be free from the *ex post facto* application of law
when it applied ORS 144.125 and ORS 144.223 to Mr. Murphy.

  Ground Three: The Oregon Board of Parole denied Mr. Murphy's
Fourteenth Amendment right to Due Process when it converted
his firm release date into a projected release date at the
1998 and 1999 hearings.

  Ground Four: The Oregon Board of Parole violated Mr.
Murphy's right to be free from the ex post facto application
of law when it converted his firm release date to a
projected release date at the 1998 and 1999 hearings.

  Ground Five: Mr. Murphy was denied his Fourteenth Amendment
right to Due Process when the Oregon Court of Appeals
assessed attorney's fees against him following his appeal of
the denial of habeas corpus relief in state court.

## DISCUSSION

Respondent argues that all petitioner's grounds for relief are procedurally barred because petitioner failed to fairly present them in state court.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal, or through collateral proceedings, before a federal court may consider granting habeas corpus relief. See 28 U.S.C. 2254(b)(1). In O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999), the Supreme Court explained that "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."

To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004). A claim is "fairly presented" only when the legal basis of the federal constitutional claim is actually addressed. Picard v. Connor, 404 U.S. 270, 275 (1971). This means habeas petitioners must reference specific provisions of the federal constitution or statutes or cite to federal case law. Lyons v. Crawford, 232 F.3d 666, 668, 670 (9th Cir. 2000), *amended by* 247 F.3d 904 (2001). In addition, the facts supporting the claims must be developed in state court or the claim is not fairly presented. Keeney v. Tomayo-Reyes, 504 U.S. 1, 8-9 (1992). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989)(claim first raised on petition for discretionary review to state Supreme Court).

A claim that was not, and can no longer be, fairly presented in state court is procedurally defaulted. O'Sullivan, 526 U.S. at 848. Petitioners are barred from raising procedurally defaulted claims in federal court unless they demonstrate: (1) "cause" for failing to properly present the claim to the state court; and (2) "actual prejudice" resulting from such failure; or (3) "a

5 - OPINION AND ORDER

fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 732 (1991).

## I.  Grounds One and Three

In grounds one and three petitioner contends his "Fourteenth Amendment right to Due Process" was violated because (1) the Board "violated the agreement it made [with him] by withdrawing the firm release date and postponing his release date in 1991 and 1998"; and (2) the Board "converted his firm release date into a projected release date at the 1998 and 1999 hearings."

Respondent contends that petitioner failed to preserve these claims for federal review by failing to fairly present them to the Oregon Court of Appeals.  Petitioner argues he "alerted the appellate court to the federal due process claim by citing to the replication filed in the state habeas trial court wherein he raised a due process claim.  Resp. Ex. 209 at 3, 219 at 3.

The reference to the replication and the citation to the 14th Amendment is located under the "Statement of Facts" section in petitioner's appellate brief, not under the "Assignment of Error" section, where he indicated that "the gravamen of [his] claim is that [he] was subjected to the application of ORS 144.125(3) or OAR 255-60-005 in violation of ex post facto principles...".  Resp. Ex. 219 at 6.  In this section petitioner also referenced

his "constitutional rights" and the prohibition against *ex post facto* laws under the Thirteenth Amendment to the United States Constitution, and federal case law.  Id. at 4, 5, 8, 9.

Under Oregon Rule of Appellate Procedure (ORAP) 5.45(2), "No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief...".  See also State v. George, 337 Or. 329, 97 P.3d 656 (2004)(a party may not raise an issue in the Supreme Court that he or she failed to raise in the Court of Appeals). Thus, merely "alerting" the appellate court to petitioner's past arguments at the trial court level under the facts section of his brief was not sufficient to "assign error" to the matter, under Oregon law.[1]

Further, petitioner's citation to a replication filed in the trial court, without any accompanying argument concerning violation of due process, was inadequate to alert the appellate court to the allegations lodged in grounds one and three of petitioner's habeas corpus petition.  See Duncan, 513 U.S. at 365-66; see also ORAP 5.45(6)(each assignment of error must be

---

[1] The replication was not incorporated by reference into the appellate brief, and contrary to petitioner's assertion, was not referenced in the appendix.  See Resp. Ex. 219; see also Wells v. Maass, 28 F.3d 1005, 1009 (9th Cir. 1994)(claim raised in appellate brief, and incorporated by reference in petition for review, is properly exhausted).

7 - OPINION AND ORDER

followed by an argument). To give the state courts a meaningful opportunity to consider his allegation of a federal due process violation, petitioner needed to describe "both the operative facts and the federal legal theory on which his claim is based[.]" See Castillo v. McFadden, 399 F.3d 993, 998-99 (9th Cir. 2005)(internal citations omitted).

In sum, I conclude that petitioner, represented by counsel on appeal, made the deliberate, strategic choice not to present a due process claim, and instead relied upon the argument that the Board violated his *ex post facto* rights. Hence, petitioner failed to fairly present a due process claim. See Peterson v. Lampert, 319 F.3d 1153, 1161 (9th Cir. 2003). Petitioner's subsequent citation to the Due Process Clause in his supplemental brief in support of his petition for review to the Oregon Supreme Court does not save the claims from procedural default. See Reese, 541 U.S. at 31; Castille, 489 U.S. at 351. Petitioner has made no showing of cause and prejudice sufficient to excuse this procedural default. Accordingly, federal habeas relief is precluded.

Finally, this court will not consider petitioner's due process allegations under 42 U.S.C. § 1983, as he invites us to do in a footnote, because petitioner has not filed a § 1983 action.

/ / / / /

/ / / / /

## II. Grounds Two and Four

In grounds two and four petitioner alleges the Board denied him the right to be free from *ex post facto* application of the law when it (1) applied ORS 144.125 and ORS 144.233 to him, and (2) "converted his firm release date to a projected release date at the 1998 and 1999 hearings." In his supporting brief petitioner argues both that (1) "[t]he Board, historically, did not apply [ORS 144.125] to postpone parole release at the time of his offenses" and (2) "[a]t the time of his offenses, the Board was without authority to postpone parole release based solely on the psychological evaluation of the inmate." Mem. in Support of Pet. for Writ of Habeas Corpus at 12.

Respondent argues petitioner did not preserve his present argument because at each level of appeal he alleged different facts to support his claim of legal error. Indeed, petitioner raised different arguments at each level of review, in briefs prepared by counsel and by petitioner himself.

At the trial level petitioner challenged the Board's application of ORS 144.125 to defer his release date. In his amended replication petitioner alleged that the Board's decision to postpone parole beyond petitioner's firm release date violated the *ex post facto* clause because ORS 144.223, under which the

9 - OPINION AND ORDER

Board ordered petitioner to undergo a psychological evaluation, was not enacted until after he was convicted in 1976. Resp. Ex. 214 at 3. In a supplemental memorandum to the state trial court in support of his motion to reconsider, petitioner argued that the statutes in effect at the time he opted into the matrix system in 1986, rather than those in effect at the time of his conviction in 1976, prohibited the use of a psychological evaluation to defer parole. Resp. Ex. 215 at 2.

To the Court of Appeals petitioner conceded that the Board had the authority in 1986, to postpone release on the basis of a psychological evaluation, but contended that the Board did not usually exercise its authority to do so. Resp. Ex. 219 at 8. He argued that a change in the Board's policy since 1986 would violate *ex post facto* "principles." Id.

In his petition for review to the Oregon Supreme Court, prepared by counsel, petitioner argued that at the time he opted into the matrix system in 1986, "the Board's practice was not to modify release dates based upon psychological diagnoses and findings under ORS 144.125, and that it was this practice that induced [petitioner] to make the change to the matrix system." He argued that the Board's "subsequent change in practice" constituted an *ex post facto* violation. Resp. Ex. 226 at 2.

In his *pro se* supplemental brief to the Oregon Supreme Court petitioner returned to his original argument, that the Board

10 - OPINION AND ORDER

violated the *ex post facto* prohibition in the United States Constitution by applying ORS 144.223 to defer his parole date because this statute was enacted after his conviction. Resp. Ex. 226 at 14.

Thus, to the extent petitioner now alleges that the Board lacked authority to apply ORS 144.125 to defer his release, this claim is procedurally defaulted because petitioner did not raise it to the Court of Appeals. Similarly, petitioner's claim that the Board did not historically apply ORS 144.125 to defer release is procedurally defaulted because he did not raise it at the trial court level. Accordingly, petitioner's grounds two and four are procedurally defaulted. Petitioner has made no showing of cause and prejudice sufficient to excuse this procedural default.

### III. Ground Five

In ground five petitioner contends his Fourteenth Amendment right to due process was violated when the Oregon Court of Appeals assessed attorney's fees against him. He argues that the court's imposition of costs ($193.20) unfairly subjects him to additional punishment in the form of a fine for exhausting state court remedies, since he was required to do so in order to petition the federal courts for habeas corpus relief.

Respondent contends petitioner failed to properly preserve his claim for review by failing to raise a due process claim with the Oregon Court of Appeals.

11 - OPINION AND ORDER

On August 20, 2002, the Court of Appeals issued a judgment awarding $193.20 to respondent, for costs incurred in defending against petitioner's appeal. Resp. Ex. 236. It also authorized the trial court to include in its final judgment, expenses and compensation in the amount of $2038.11 to petitioner's appointed counsel. Id.

In a letter to the Court of Appeals, petitioner asked the court to reconsider its decision to award respondent $193.20, arguing that "to hold [him] in even more poverty is unconstitutional. I only brought suit to protect both my State and Federal rights...". Resp. Ex. 237. The Court of Appeals denied his request for reconsideration. Resp. Ex. 240. Petitioner then submitted a petition for review to the Oregon Supreme Court, in which he argued that the Court of Appeals' denial of his request for reconsideration was a "direct violation of my Federal and Oregon Constitution's [sic] prohibition of denial of Due Process, Cruel and Unusual Punishment and Ex Post Facto Rights." Resp. Ex. 243.

I agree with respondent that petitioner's contention, on motion to reconsider, that the Court of Appeals' ruling was "unconstitutional" was not sufficiently specific to afford the state court a meaningful opportunity to consider the allegations of a federal due process violation. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); see also Lyons, 232 F.3d at 668, 670

(habeas petitioners must reference specific provisions of the federal constitution or statutes or cite to federal case law). Petitioner's belated reference to the due process clause in his petition for review did not cure this failure. Amended Petition for Writ of Habeas Corpus at 3. Accordingly, petitioner's ground five is procedurally defaulted.

## **CONCLUSION**

Based on the foregoing, petitioner's amended habeas corpus petition (#16) is DENIED.

IT IS SO ORDERED.

DATED this _20 day of July, 2005.

                               /s/   Malcolm F. Marsh
                               Malcolm F. Marsh
                               United States District Court Judge